.(48 Misc. Rep. 409.)

## JOSEPH v. ISAAC.

(Supreme Court, Appellate Term.　October 27, 1905.)

VENDOR AND PURCHASER—PAYMENT UNDER CONTRACT—TIME FOR PERFORMANCE.

It is a defense to an action to recover money that it was paid on a contract for a deed and that the time for delivery of the deed had not arrived.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Eva Joseph against Isidore Isaac. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Paskus & Cohen, for appellant.

Abr. A. Joseph, for respondent.

SCOTT, P. J. The plaintiff on June 1, 1905, sued defendant upon an oral pleading for money had and received. The defendant, also orally, pleaded a general denial. Upon the trial it appeared that the money which plaintiff seeks to recover was the deposit of part of the purchase price paid upon a written contract of sale by defendant to plaintiff of a house and lot. The contract provided that the deed should be delivered and the balance of the purchase price paid on July 27th. The plaintiff based her claim to recover upon the allegation that she had understood and believed that she was purchasing a house 17 feet 6 inches wide, and that either the words "6 in." had been stricken out of the description after she signed the contract, or, if stricken out before her signature, that her attention had not been called to the fact.

The contract itself shows that the width of the house had originally been stated as "17 ft. 6 in.," and that the words "6 in." had been stricken out. The evidence was quite satisfactory that the alteration was made before the execution of the contract, but for the purposes of this action it makes no difference when the words were stricken out. In no event can the plaintiff recover. It is conceded that plaintiff signed the contract, that the money was paid under it, and that the time for completing the purchase had not arisen. If the words "6 in." were in the contract when plaintiff signed it, and were afterwards stricken out without her consent, she would be entitled on the law day to a deed conveying a lot 17 feet 6 inches wide. Non constat such a deed might have been tendered to her. On the other hand, if the words had been stricken out before she executed the contract, but for some reason the contract as thus modified did not express the true agreement between the parties, her remedy would be to sue in equity for a rescission of the contract. In any event, the production of the contract, and proof that the money sued for was paid under it, and that the day for completion had not yet arrived, was a complete answer to the plaintiff's present action. The effect of the judgment rendered in the court below is to leave the contract still outstanding and enforceable, with the consideration paid upon its execution returned to the plaintiff.

Judgment reversed, with costs, and complaint dismissed, with the appropriate costs in the court below. All concur.